# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 19 CR 04 |
| | § | |
| DANIEL HERNANDEZ | § | |

## INFORMATION

THE UNITED STATES CHARGES THAT:

### BACKGROUND

**At all relevant times:**

1. United States Department of Homeland Security ("DHS") was a cabinet department of the United States government. Among its many responsibilities were securing and managing the nation's borders, preventing terrorism, and enhancing security.

2. United States Customs and Border Protection ("CBP") was the largest law enforcement agency of DHS. Its primary mission was to safeguard the United States' borders by, among other things, enforcing federal immigration and drug laws.

3. Defendant DANIEL HERNANDEZ was a registered nurse and longtime associate of Person A.

4. Person A was a CBP Border Patrol Agent ("BPA") who worked at Border Patrol Stations located within the Southern District of Texas. As a BPA, Person A's official duties included preventing the illegal trafficking of drugs and contraband into the United States.

# COUNT ONE
## 18 U.S.C. § 371
### (Conspiracy to Commit Bribery)

5. The allegations contained in paragraphs 1 through 4 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

6. From at least 2013, through in or about October 2014, in the Southern District of Texas and elsewhere, the defendant,

**DANIEL HERNANDEZ**

knowingly and willfully conspired and agreed with Person A to commit an offense against the United States, that is, to directly and indirectly, corruptly receive, accept, and agree to receive and accept personally something of value, that is cash payments, in return for Person A being induced to do an act in violation of his official duty; namely, providing assistance to smuggle marijuana and other illegal drugs into the United States of America, in violation of 18 U.S.C. § 201(b)(2).

### Purpose of the Conspiracy

7. It was the purpose of the conspiracy for HERNANDEZ and Person A to unjustly and unlawfully enrich themselves through bribery.

### Manner and Means of the Conspiracy

8. The manner and means by which HERNANDEZ and Person A carried out the conspiracy included, but were not limited to:

    a. In approximately 2004, Person A was introduced to individuals associated with a drug trafficking organization ("DTO") that transported illegal drugs, including marijuana, into the United States from Mexico. Person A agreed to assist the DTO in smuggling illegal drugs into the United States, in violation of Person A's official duty.

b.  Person A subsequently enlisted the help of HERNANDEZ in organizing meetings with the DTO and assisting with the bribe transactions.

c.  Defendant and Person A both accepted money in exchange for providing materials and information requested by the DTO.

d.  Person A had access to these materials and the information by virtue of his position as a BPA.

e.  From approximately 2013 to approximately 2014, Defendant and Person A agreed to, and took overt acts to, facilitate the trafficking of illegal drugs, including marijuana, into the United States from Mexico on behalf of the DTO.

### Overt Acts

9.  In furtherance of the conspiracy and to accomplish its unlawful objects, HERNANDEZ and Person A performed and caused to be performed the following overt acts, among others, in the Southern District of Texas:

a.  Beginning in approximately early 2013, in exchange for money, Person A and Defendant provided Person B, an individual they believed to be a member of the DTO, with CBP sensor locations near the United States border with Mexico, the locations of unpatrolled roads at or near the border, the number of BPAs working in a certain area, keys to unlock CBP locks located on gates to ranch fences along the border, and CBP radios.

b.  On or about March 12, 2014, Defendant met with Person B. In exchange for $500, Defendant showed a map containing CBP sensor locations and also provided a copy of a key that opened the CBP locks.

3

c. On or about July 9, 2014, Defendant met with Person A and Person B. Person B provided cash in exchange for CBP sensor information and a key that opened the CBP locks.

d. On or about October 30, 2014, Defendant again met with Person A and Person B. Person B provided between approximately $7,000 and $8,000 in cash in exchange for the locations of CBP sensors. Defendant and Person A split the money evenly between themselves.

e. In total, Defendant accepted approximately $5,000 in cash in exchange for facilitating shipments of illegal drugs into Texas without law enforcement detection.

All in violation of Title 18, United States Code, Section 371.

# NOTICE OF CRIMINAL FORFEITURE
## 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. §2461(c)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

## DANIEL HERNANDEZ

that in the event of conviction, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses is subject to forfeiture.

The United States will seek the imposition of a money judgment. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution up to the amount of the money judgment.

RYAN K. PATRICK
United States Attorney

By: _____
Arthur R. Jones
John Pearson
Assistant United States Attorneys
Southern District of Texas

ANNALOU TIROL
Acting Chief, Public Integrity Section

By: _____
Rebecca Moses
Peter M. Nothstein
Trial Attorneys
United States Department of Justice
Public Integrity Section