**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-19-4 |
| | § | |
| DANIEL HERNANDEZ | § | |

**ORDER**

Defendant Daniel Hernandez, represented by counsel, filed a motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 42.) The Government filed a response opposing the motion (Docket Entry No. 46), to which Defendant filed a reply (Docket Entry No. 47).

Having considered the motion, the response and reply, the record, the medical exhibits, and the applicable law, the Court DENIES the motion for the reasons explained below.

*Background*

Defendant is a 47-year old male currently confined at FCI Sheridan in Sheridan, Oregon. He pleaded guilty on February 5, 2019, to conspiracy to commit bribery, admitting that he and a border patrol agent had conspired to accept money in exchange for helping smuggle drugs into the United States; that is, drug trafficking. (Docket Entry No.10.) On August 28, 2019, the Court sentenced Defendant to a term of 48 months' imprisonment, to be followed by one year of supervised release. (Docket Entry No. 34.) He surrendered to the Federal Bureau of Prisons ("BOP") on November 6, 2019, and began serving his sentence at FCI Sheridan. The BOP currently reports his anticipated released date as April 2, 2023.

Defendant's PSR set forth the following medical condition as of sentencing:

> In 2016, Hernandez was diagnosed with bilateral adrenal adenomas which he described as inoperable tumors on his kidney which cause him to suffer from diabetes – type 2, hypertension (*i.e.*, high blood pressure), and hyperlipidemia (*i.e.*, high cholesterol). To treat his ailments, Hernandez takes eight prescribed medi[c]ations on a daily basis.

(Docket Entry No. 22, p. 14.)

Defendant claims that he is at high risk of serious illness should he contract COVID-19 while incarcerated. He requests that the Court grant his motion and reduce his sentence to time served or home confinement.

### *Legal Standard*

Defendant brings his motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id*. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court must base its

decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *Id.*

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. This Court will refer to the Sentencing Commission's policy statement for guidance, without deciding whether it is binding in this context. The relevant policy statement outlines four categories of circumstances that may constitute 'extraordinary and compelling reasons' for a sentence reduction:

(1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment;

(2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment;

(3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or

(4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

U.S.S.G. § 1B1.13, Application Note 1. Defendant in this instance relies on subparagraph (4). A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case.

Even if extraordinary and compelling reasons for modification or early release are shown, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

3

As provided in both section 3582(c)(1)(A) and the policy statement, a court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement also recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

### *Analysis*

*Exhaustion*

The parties agree that Defendant has exhausted his administrative remedies under the statute and that he may proceed with this motion.

*Home Confinement*

The Government correctly argues that the Court may not independently order Defendant released to home confinement for the remainder of his sentence. The BOP has the exclusive authority to determine where a federal prisoner is housed during incarceration. *See* 18 U.S.C. § 3621(B). Courts may, however, order that a prisoner be moved to home confinement as part of a sentence reduction. If a court grants a sentence reduction, it may impose a term of supervised release that does not exceed the unserved portion of the original sentence. 18 U.S.C. § 3582(c)(1)(A).

Home confinement may be imposed as a condition of supervised release if the court finds that it constitutes a "substitute for imprisonment." U.S.S.G. § 5F1.2; 18 U.S.C. § 3583(d).

Consequently, a court may not grant the compassionate release of a defendant to home confinement in absence of ordering a reduction in his sentence.

*Extraordinary and Compelling Reasons*

Defendant establishes that he has type 2 diabetes and liver disease, among other medical conditions. The Government agrees that Defendant's chronic medical conditions meet the requirements of "extraordinary and compelling reasons" under section 3582(C)(1)(A), in that his ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished within the environment of a correctional facility by the chronic conditions themselves. (Docket Entry No. 46, pp. 8–9.) The Government also does not claim that Defendant would present a danger to the community if he were granted a compassionate release.

Although the parties agree that Defendant's chronic medical conditions constitute "extraordinary and compelling reasons" under the policy statement, this does not end the Court's inquiry or direct its ultimate decision.

*COVID-19 at FCI Sheridan*

The parties agree that FCI Sheridan currently reports no known COVID-19 cases in its inmate population, which remains true as of June 23, 2020. *See* https://www.bop.gov/coronavirus/ (last visited June 23, 2020). Defendant contends that it is only a matter of time before COVID-19 invades FCI Sheridan, and that his compassionate release should not be predicated on his actual exposure to the virus. Defendant also strongly suggests that COVID-19 cases are greatly under-reported, and that the Court should not rely on the official numbers reported by government agencies.

The Government, on the other hand, presents a detailed synopsis of the lengthy counter-measures and plans being promulgated and implemented by the BOP to promote prisoner health and safety during the COVID-19 pandemic. As there are currently no COVID-19 cases among the prisoners at FCI Sheridan, Defendant has not shown that the BOP and prison officials are unable to maintain his safety or meet his current medical needs. Defendant's speculation that COVID-19 could reach FCI Sheridan and overwhelm the facility's resources at some point in the near future does not justify his release for compassionate reasons at this time.

*Sentencing Considerations*

The parties strenuously disagree as to whether granting relief would "promote respect for the law, provide just punishment, [and] afford adequate deterrence" under section 3553(a). As correctly noted by the Government, Defendant has served less than 15% of the incarceration sentence imposed by this Court. Defendant counters that the seven months he has spent in prison has been sufficient punishment and a personal deterrent to future criminal activity, and that he is "committed to growing from this experience." (Docket Entry No. 47, p. 5.) He argues that he is no longer able to work as a registered nurse, and that his imprisonment under current COVID-19 safety regulations precludes further education opportunities or learning a new vocational trade. Defendant further argues that his compassionate release would not undermine the need to deter criminal activity, as the Court imposed a significant sentence of 48 months imprisonment.

The Government points out that serving seven months on a 48-month sentence is not "sufficient punishment," and that excusing Defendant from serving 85% of his sentence would not promote respect for the law, provide just punishment, or afford adequate deterrence. The Court agrees. Defendant's proffering of being sufficiently punished after spending seven months in prison

on his 48-month sentence, and his promises of growing from the experience and not re-offending, are appreciated, but they are not persuasive. At sentencing in this case, the Court took into consideration all available information and sentencing factors, including Defendant's medical conditions set out in the PSR, and stated on the record that,

> I agree that the drug problem is a serious problem particularly when we have people who are charged with enforcing the law actually participating in these crimes and being facilitated by intermediaries like [Defendant]. There were three different occasions on which he received these bribes. And so I think that, you know, my charge in this case is to determine a sentence that's sufficient but not greater than necessary under the circumstances, taking into account all of the 3553(a) factors. . . . I think a period of incarceration is necessary and I think a substantial period of incarceration is necessary under the 3553(a) factors. . . . [I]t is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 48 months[.]

(Docket Entry No. 37, pp. 18–19.)

The Court is of the opinion that reducing Defendant's sentence to time served, or allowing him to serve a reduced sentence under home confinement, would do little to promote respect for the law or provide just punishment for his offense. The Court already took into consideration at sentencing the facts that Defendant is a first-time nonviolent offender who expressed remorse for his criminal activity. These facts played a substantial role in the Court's decision to grant him a downward variance at sentencing. *Id*. They do not, however, factor as meritorious grounds for an 85% reduction in that sentence less than a year later.

The Court concludes that, in light of the circumstances set forth above, a sentence reduction to time served, or a reduction of the sentence with home confinement for the remainder of the sentence, would not adequately reflect the seriousness of Defendant's criminal offense, promote respect for the law, or provide just punishment. 18 U.S.C. § 3553(a)(2)(A).

*Conclusion*

For the reasons discussed above, Defendant's motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 42) is DENIED.

Signed at Houston, Texas, on June 26, 2020.

_____
Gray H. Miller
Senior United States District Judge