United States District Court
Southern District of Texas
**ENTERED**
October 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-19-0004 |
| | § | |
| DANIEL HERNANDEZ | § | |

### MEMORANDUM AND ORDER

Federal Bureau of Prisons ("BOP") inmate Daniel Hernandez, federal inmate registration #82380-479, filed a second motion[1] through retained counsel seeking a compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 54.) He later supplemented the motion with additional medical records. (Docket Entry No. 58.) The Government filed a response (Docket Entry No. 56), to which Defendant filed a reply (Docket Entry No. 57). Defendant requests that the Court reduce his sentence to time served and substitute his remaining custodial term with an extended term of supervised release including conditions of home confinement.

Having considered the motion, the response, the reply, the record, matters of public record, and the applicable law, the Court DENIES the motion for the reasons shown below.

---

[1] The Court denied Defendant's first motion on June 26, 2020. Defendant's second motion presents medical records that he did not provide in his first motion, and reports that his "time served" percentage has increased due to a sentencing credit and the passage of additional time. Although Defendant styles his motion as a "renewed" motion, it is a second motion, as the Court denied his first motion on the merits.

### *Background*

Defendant is a 48-year old male currently residing at a residential reentry management facility through the RRM Sacramento Field Office in California.  He pleaded guilty on February 5, 2019, to conspiracy to commit bribery, admitting that he and a border patrol agent had conspired to accept money in exchange for helping smuggle drugs into the United States; that is, drug trafficking.  (Docket Entry No. 10.)  On August 28, 2019, the Court sentenced Defendant to a term of 48 months' imprisonment, to be followed by one year of supervised release.  (Docket Entry No. 34.)  He surrendered to the BOP on November 6, 2019, and began serving his four-year sentence at FCI Sheridan.  He was subsequently credited a 12-month reduction based on his successful participation in the BOP's Residential Drug Abuse Program.  The BOP currently reports his anticipated released date as April 4, 2022.

Defendant's PSR set forth the following medical condition as of sentencing:

> In 2016, Hernandez was diagnosed with bilateral adrenal adenomas which he described as inoperable tumors on his kidney which cause him to suffer from diabetes – type 2, hypertension (*i.e.*, high blood pressure), and hyperlipidemia (*i.e.*, high cholesterol).  To treat his ailments, Hernandez takes eight prescribed medi[c]ations on a daily basis.

(Docket Entry No. 22, p. 14.)  At the time he filed this second motion, Defendant was confined at the FCI Sheridan BOP facility in Oregon.  He complained in the second motion that the BOP was failing to treat his medical conditions, and that his conditions had significantly worsened since sentencing.  He further argued that COVID-19 cases were

2

increasing at FCI Sheridan, and that his untreated and worsening medical conditions put him at a high risk of serious illness should he contract COVID-19.

Because the Court denied on the merits Defendant's first motion for compassionate release, the Court will consider and address only those arguments and relevant facts that have arisen following denial of the first motion – that is, lack of proper medical care and Defendant's deteriorating health, and an increase in COVID-19 cases at FCI Sheridan. The Court will not reconsider arguments and facts that were considered and denied in the first proceeding.

### *Legal Standards*

Defendant brings this motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A). Compassionate release provisions under section 3582(c)(1)(A) authorize a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction."

The United States Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. However, the Fifth Circuit Court of Appeals has held that the Sentencing Commission's compassionate release policy statement does not bind district

courts in considering motions brought by prisoners under 18 U.S.C. § 3582(C)(1)(A). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. April 7, 2021). Accordingly, the district courts are free to determine whether a defendant's particular medical condition or other situation constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a section 3582(c)(1)(A) motion has the burden to establish that relief is warranted in his or her case.

The court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a).

Thus, a defendant may be eligible for a compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" warranting a

sentence reduction and that the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

### *Extraordinary and Compelling Reasons*

The Court found in the first compassionate release proceeding that Defendant's medical conditions met the threshold showing of extraordinary and compelling reasons for a compassionate release under the statute.  Defendant's second motion does not seek to alter that determination.  Rather, he complains that FCI Sheridan is failing, or unable, to provide him proper and adequate medical care, which has caused a deterioration in his health. Defendant contends that his inability to obtain proper and adequate medical care at FCI Sheridan and his resulting deterioration in health, combined with an increase in the number of COVID-19 cases at FCI Sheridan, constitute extraordinary and compelling reasons for the granting of a compassionate release.

At some undisclosed point after June 10, 2021, Defendant was transferred from FCI Sheridan to the residential reentry management program, RRM Sacramento. The BOP's online Inmate Locator shows that, as of the date of this order, Defendant is confined at RRM Sacramento.  Consequently, Defendant's complaints regarding poor medical care and the increase in COVID-19 cases at FCI Sheridan are now moot and do not constitute extraordinary and compelling reasons for the granting of a compassionate release.

### *Sentencing Considerations*

Defendant argues that his percentage of time served has increased since the first motion; this factor, however, does not weigh strongly in favor of granting relief.

The Court concluded in its first order denying relief that a sentence reduction to time served, or a reduction of the sentence with home confinement for the remainder of the sentence, would not adequately reflect the seriousness of Defendant's criminal offense, promote respect for the law, or provide just punishment. 18 U.S.C. § 3553(a)(2)(A). The Court finds no reason to modify that determination.

### *Conclusion*

For the reasons discussed above, Defendant's second motion for a compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 54) is DENIED.

Signed at Houston, Texas, on October _7_, 2021.

_____
Gray H. Miller
Senior United States District Judge